IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEROME G. HUGHES, :
:
    Petitioner :
:
v. : CIVIL NO. 3:18-CV-142
:
WARDEN BALTAZAR, : (Judge Conaboy)
:
    Respondent :

## MEMORANDUM
### Background

    Jerome G. Hughes, an inmate presently confined at the Canaan United States Penitentiary, Waymart, Pennsylvania (USP-Canaan) filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is USP-Canaan Warden J. Baltazar. Petitioner's request to proceed in forma pauperis will be granted for the sole purpose of the filing of this action with this Court.

    Hughes entered a guilty plea to drug related charges in the United States District Court for the Western District of Wisconsin. See United States v. Hughes, 333 Fed. Appx. 124 (7th Cir. 2009). As a result of his plea, Petitioner was ultimately sentenced to a 480 month term of imprisonment on February 24, 2009. See Doc. 2, pp. 1-2.

    Hughes pursued a direct appeal which was dismissed. The Petitioner also acknowledge that he previously sought relief from

1

the sentencing court via motion pursuant to 28 U.S.C. § 2255 which was denied On October 8, 2010. See Doc. 1, ¶ 10.

In his pending action, Petitioner claims entitlement to federal habeas corpus relief on the grounds that an improperly career offender designation imposed by the sentencing court was used to enhance his sentence. Hughes adds that his § 2255 remedy is inadequate and ineffective to pursue his pending claim.

## Discussion

### Standard of Review

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . .

2

." Gorko v. Holt, Civ. No. 4:05-cv-956, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Since Hughes initiated his action before this Court, he is apparently arguing that he may bring his present claims via a federal habeas corpus petition and that this Court has jurisdiction over his § 2241 action by virtue of his ongoing detention at USP-Canaan.

A federal prisoner challenging the validity of a federal sentence, and not the execution of his sentence, is generally limited to seeking relief by way of a motion pursuant to § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, No. 08-3898, 2009 WL 1154194, at *2 (3d Cir. Apr. 30, 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Such a challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 2009 WL 1154194, at *2 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his

3

conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 324 Fed Appx. 149, 151 (3d Cir. Apr. 16, 2009).

As recognized by the Hon. Kim R. Gibson in Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction and sentence to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal." In the present case, Petitioner contends that he is actually innocent of the career offender designation which led to his enhanced sentence. See Doc. 2, p. 17.

4

Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997), and In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997) addressed what circumstances make a post conviction remedy inadequate and ineffective. The legislative limitations (either the statute of limitations or gatekeeping provisions outlined *supra* at 4-5) placed upon post conviction remedies simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a federal habeas corpus petition. Dorsainvil, 119 F.3d at 251. "To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction." Kennemore v. True, Civil No. 98-1175, slip op. at 6. (M.D. Pa. July 28, 1998)(Conaboy, J.).

Both the Triestman and Dorsainvil courts held that the "inadequate and ineffective" requirement(thus allowing a petitioner to bring a § 2241 habeas corpus action) occurs where the denial of a habeas action would raise serious constitutional issues. Triestman, 124 F.3d at 377; Dorsainvil, 119 F.3d at 249. The serious constitutional issue was that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal. Triestman, 124 F.3d at 366; Dorsainvil, 119 F.3d at 251.

Based upon a review of Hughes' petition ansd supporting memorandum, Petitioner has not established that he is entitled to federal habeas corpus relief based upon a new substantive rule of

5

constitutional law that is retroactively applicable in a collateral attack on a final conviction. Hughes' petition does reference Descamps v. United States, 570 U.S.___, 133 S.Ct. 2276 (2013) which concerned the question of whether the use of a burglary conviction as a predicate offense for an Armed Career Criminal Act (ACCA) sentence enhancement was appropriate. However, it has been recognized by courts within this circuit that Descamps does not apply retroactively to cases on collateral review. See United States v. Nobles, 2015 WL 1208050 * 1 (E.D. Pa. March 17, 2015); United States v. Wolf, Civil No. 1:CV-04-347, 2014 WL 3339601 *2 (M.D. Pa. 2014)(Caldwell, J.); Jordan v. United States, Civil No. 3:CV-14-2048, 2014 WL 7212859 *1-2 (M.D. Pa. Dec. 17, 2014) (Munley, J) (since Descamps cannot be retroactively applied, the Dorsainvil exception does not apply);

The petition also refers to Mathis v. United States, ___ U.S. ___, 136 S. Ct 2243 (2016) wherein the Supreme Court addressed a claim by an inmate regarding the use of controlled substance convictions as predicate offenses in classifying a defendant as a career offender. Mathis has not been found to apply retroactively to cases on collateral review by the Supreme Court. See United States v. Villella, No. 16-544, 2017 WL 1519548 *6 (W.D. Pa. April 27, 2017); Wyatt v. Warden Fort Dix, No. 17-1335, 2017 WL 1367239 *2 (D.N.J. April 10, 2017)(Mathis based sentencing enhancement claim not properly asserted under §

6

2241).

Petitioner is clearly challenging the validity of his sentence which was imposed by the Western District of Wisconsin. Thus, he must do so by following the requirements of § 2255. As noted earlier, Petitioner's pending arguments are not based upon a contention that his conduct is no longer criminal as a result of some change in the law made retroactive to cases on collateral review. Hughes has also not shown that he was unable to present his pending claims in a successive § 2255 proceeding or that they are based upon any newly discovered evidence. Most importantly, challenges to career offender status are not properly raised under § 2241. See Thomas v. Warden, Fort Dix, No. 17-2502, 2017 WL 2225574 *2 (D.N.J. May 19, 2017)

Fundamental to Dorsainvil was the fact that the petitioner may actually be innocent of the crime charged. In this case, Hughes has failed to present any facts suggesting that he was not involved in the alleged underlying criminal activity. Second, Petitioner's argument is not based on a new rule of law made retroactive to cases on collateral review. Unlike Dorsainvil, Petitioner's present claims as stated simply do not establish that an intervening retroactive change in substantive law has negated the criminal nature of his conduct.

Clearly, Hughes' pending claims do not fall within the narrow Dorsainvil exception to the general rule that section 2255

7

provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. See Levan v. Sneizek, 325 Fed. Appx. 55, 57 (3d Cir. April 2009).

Since there is no basis for a determination that § 2255 is inadequate or ineffective to test the legality of Petitioner's plea and sentence, his § 2241 petition will be dismissed without prejudice. Of course, this dismissal has no effect on Petitioner's right to seek permission to pursue a successive § 2255 action. An appropriate order will enter.

                               RICHARD P. CONABOY
                               United States District Judge

DATED: APRIL 9th, 2018

FILED
SCRANTON

APR 11 2018

Per _____
DEPUTY CLERK

8